# SAN JUAN LIGHT & TRANSIT COMPANY
*v.*
# CITY OF SAN JUAN.

---

### POWERS OF A MUNICIPAL COUNCIL.

1. Although the action of a municipal council may be ill advised, it must stand unless the presumption that a public officer has done his duty is overturned by evidence showing fraud or corruption.
2. The municipal council has the right to fix the basis and specifications for bidding on a contract with the city.
3. The municipal council has the right to judge what measures afford the greatest benefit and security to the public.

September 20, 1900.

---

*Messrs. Petlingill & Keedy,* solicitors for complainant.

*Mr. F. H. Dexter,* solicitor for defendant.

HOLT, Judge, delivered the following opinion:

This is a motion for an injunction against the city of San Juan to restrain it from receiving bids for the electric lighting of the city under the specifications it has adopted, or entering into any contract therefor with the defendant lighting company, and that the latter be also enjoined from bidding therefor under said specifications. Prior to August 19th, 1900, the city council adopted a plan and specifications for electric light-

San Juan L. & T. Co. v. San Juan.

ing of the city. Bids were made by the plaintiff and defendant companies. The council, acting, as is claimed, upon the idea that the specifications had not been properly published and the law not complied with, rejected the bids on August 28th, 1900; and at a regular meeting it adopted new and additional specifications, and provided that the system of lighting to be adopted should be the direct current and low tension one. It advertised for bids accordingly, to be opened September 12th.

The right to enjoin its further action is based upon the averment that the council, or a majority of its members, and the defendant company, conspired and combined for the rejection of the bids, for the fraudulent purpose of so altering the specifications that the plaintiff company could not compete for the contract, owing to the character and condition of its machinery and the adoption of the low tension system. The facts stated in the bill to support the averment of the fraudulent combination are that the maximum to be received as a bid is that which the defendant lighting company had formerly bid; that the current of electricity to which bids are limited is that provided by the system of the defendant lighting company; that the time within which that section of the city most densely populated is to be lighted is much shorter than that provided for the other two sections of the city; and that these discriminations are in favor of the defendant company, because, owing to the position of its plant, it can light the first section of the city more quickly than the plaintiff company.

The bill further avers that by specification 84 it is provided by-bidders shall, in case of litigation, resort only to the courts of the island, and that therefore the specifications are oppressive and illegal.

An inspection of this specification shows that it merely binds the contractor to submit himself to the courts now in existence,

and which may be established on the island. If this can be construed that the contractor shall not resort to this court if he chooses, then it is simply void, and it would cut no figure as to the contract. The averments of the bill as to a fraudulent conspiracy are not sufficiently specific. If it be doubtful from them whether the action of the council was fraudulent or not, it should be presumed that the public officials acted from proper motives in the discharge of their public duty; and even if it be questionable from the averments whether their action amounted to fraud, or merely favor to some party, this court should not interfere. Although their action may be ill advised, it must stand unless the presumption that a public officer has done his duty is overturned by evidence showing fraud or corruption. The city council has the right to fix the basis and specifications for bidding. While it is called in the local law an administrative corporation, yet it has discretion in the government of the city in providing for its material and moral interests, as lighting the city, etc. They have an undoubted right to exercise this discretion. Laws of Porto Rico, title 3, chap. 1.

They had the right to determine what system the city should adopt, and to limit the bidders to it; and by the local law, in cases of great urgency from unforeseen circumstances, they could have at once adopted a system, and let the work without even submitting it for bids or letting by auction. It was with them to judge what was best and most advantageous to the city, and in the exercise of this judgment free from fraud or corruption they are beyond judicial control. It is for them to judge what measures will afford the greatest security to the public, expose to the least danger, who will give the best guaranty of execution, and to act in these matters as in their discretion may seem best for the city. It is urged on behalf of the defendant that this court has no jurisdiction because this is not a case

San Juan L. & T. Co. v. San Juan.

between citizens of different states. It is, however, averred by the bill that the plaintiff is a corporation created by the state of New York; that the defendant city is a municipal corporation of Porto Rico; and that the defendant lighting company was created by the laws of Spain. It is true that according to the general law the jurisdiction of this court arises when the contest is between citizens of different states, or a citizen of a state and a citizen of a foreign state; but a corporation is a citizen in law of the sovereignty that creates it.

The defendant lighting company was brought into existence by the laws of the Kingdom of Spain; and, if it be conceded that it is now a corporation of Porto Rico by reason of the change in sovereignty, it is so by reason of the act of Congress of the United States of April 12th, 1900, which provides that the citizens of Porto Rico shall constitute a separate body politic under the name of the "People of Porto Rico," with power to sue and be sued as such. It also creates a separate United States judicial district, and gives the court the jurisdiction of both a district and circuit court of the United States.

It is also urged that the complainant cannot sue because it has failed to register itself as a corporation according to the local law. This, however, does not affect its right to sue in this court whatever might be the effect of such failure as a right to sue in the insular courts of Porto Rico.

For the reasons above given, however, the motion for injunction must be denied. This would be done even if the court were in doubt as to the complainant's rights to an injunction, because this remedy should not be granted except where the right is clearly shown. It is, therefore, so ordered. The restraining order heretofore granted is no longer in force.